IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Saleem,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MS Newcomb ET-al, Doctor Taylor ET-al,<br><br>　　　　　Defendants. | C/A No. 1:23-cv-5285-SAL<br><br><br>**ORDER** |

　　　　Plaintiff Saleem, a pro se litigant, filed this action against the named defendants. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending summary dismissal of this case. [ECF No. 8.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id.* at 7. Plaintiff did not file specific objections to the Report within the required period. However, on January 31, 2024, Plaintiff filed an amended complaint. [ECF No. 12.]

## BACKGROUND

　　　　Initially, Plaintiff filed this *Bivens* claim on September 20, 2023, alleging the Medical Department and the Federal Correctional Institution Edgefield (FCIE) violated his constitutional rights by subjecting him to cruel and unusual punishment and depriving him of due process. [ECF No. 1 at 1–3.] Plaintiff's Complaint did not provide specific factual allegations giving rise to the constitutional violation, but broadly stated Defendants failed "to provide treatment by medical staff trained within medical actual knowledge, and to deprive one with medical need of an outside

1

(FBOP) . . . ." *Id.* at 2. Plaintiff also asserted Defendants deprived him of a second opinion at an outside medical center. *Id.*

The magistrate judge issued an Order and Notice on November 2, 2023, notifying Plaintiff his Complaint was deficient for failure to provide "any facts about his medical needs." [ECF No. 4 at 4.] The Order and Notice also notified Plaintiff of the opportunity to amend his Complaint to include sufficient allegations by November 22, 2023. *Id.* at 4–5. Plaintiff did not respond, and on November 28, 2023, the magistrate judge issued her Report recommending summary dismissal of Plaintiff's claims against Defendants because Plaintiff's Complaint failed to provide factual allegations sufficient to support a medical indifference claim. [ECF No. 8 at 5.] Attached to the Report was a notice advising Plaintiff of his right to object to the Report within fourteen days of its receipt. *Id.* at 6–7. Plaintiff did not file an objection.

On January 31, 2024, Plaintiff filed an Amended Complaint. [ECF No. 12.] In his Amended Complaint, Plaintiff does not object to any aspect of the Report, nor does he add additional factual allegations to support his claims against the Medical Department and FCIE. Rather, the Amended Complaint drops those defendants and adds two new defendants, "Ms. Newcomb" and "Doctor Taylor." *Id.* Attached to the Amendment Complaint, there are a number of documents, including what appear to be medical treatment requests submitted by Plaintiff to FCIE employees, seeking treatment for a range of chronic health issues. [ECF No. 12-1.]

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir.

2

2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)).  The district court then makes a de novo determination of those portions of the Report to which an objection is made.  *Id.*  To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection.  *Id.*  (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim.  *Elijah*, 66 F.4th at 460.  Objections need not be novel to be sufficiently specific.  *Id.*  Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation."  *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious claims.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

Plaintiff submitted an Amended Complaint after the Magistrate Judge recommended summary dismissal for failure to provide sufficient factual allegations to support his claims.[1] Under Federal Rule of Civil Procedures 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). Plaintiff is free to amend his complaint as a matter of course because service of process has not been issued, and the twenty-one-day time limit was not triggered. Out of an abundance of caution, the court considers both the claims raised in the Complaint and in the Amended Complaint.

With respect to the claims against the Medical Center and FCIE, the magistrate judge explained that Plaintiff's claims were subject to summary dismissal because Plaintiff failed to allege sufficient factual allegations. *See* ECF No. 8 at 4–5. As noted above, Plaintiff does not object to the Report. Accordingly, the court need only review the Report for clear error. *Diamond*, 416 F.3d at 315. The court finds no clear error in the Report.

To the extent Plaintiff attempts to cure the original defects with his amended pleading, the court finds Plaintiff still fails to plead sufficient factual allegations to survive summary dismissal. That is, like his original complaint, Plaintiff's Amended Complaint does not provide any facts giving rise to his case—Plaintiff declines to describe where or when the events giving rise to his claims occurred or what injuries he suffered. *See* ECF No. 12 at 5–6 (indicating "N/A" or leaving blank the spaces under "Statement of Claim" and "Injuries"). Nor does Plaintiff specify what form of relief he sought or whether he has exhausted his claims. See id. at 6–9. Plaintiff's Amended

---

[1] Along with his Amended Complaint, Plaintiff filed a belated Motion for Leave to Proceed In Forma Pauperis, ECF No. 14. The court grants the motion. But for the reasons discussed below, his case is summarily dismissed.

Complaint is also deficient because Plaintiff fails to offer a signature certifying the veracity of his claims, or identify the defendants' full name, contact information, or employer. *See* ECF No. 12. While the attached medical treatment requests provide some context to Plaintiff's medical history, they do not adequately assist the court in assessing his claim that federal officials violated his constitutional rights by deliberately depriving him of medical treatment. *See* ECF No. 12-1. The court cannot guess from these attachments what constitutional claim Plaintiff is now making. For the same reasons explained in the Report, Plaintiff's Amended Complaint is subject to summary dismissal for failure to state a claim upon which relief can be granted. *See* ECF No. 8 at 4–5.

The court has thoroughly reviewed the record including Plaintiff's Complaint [ECF No. 1.], the magistrate judge's Report [ECF No. 8.], Plaintiff's Amended Complaint [ECF No. 12.], and the applicable law. For the reasons stated above, the court finds no clear error, adopts the Report, ECF No. 8, and incorporates it by reference herein. As a result, this matter is **SUMMARILY DISMISSED without prejudice and without issuance of service of process**.

**IT IS SO ORDERED.**

April 2, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge